**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WILLIAM LANGLOIS, ET AL : | |
|     Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| vs. : | 3-08-cv-00593(JCH) |
| : | |
| CROWLEY WINNEBAGO RV CTR, : | |
| ET AL : | SEPTEMBER 29, 2008 |
|     Defendants. : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 19)**

Defendant, Winnebago Industries, Inc.'s unopposed Motion to Dismiss Counts 5, 6 & 8 (Doc. No. 19) is granted in part and denied in part. The court grants the Motion to Dismiss as to Counts 5 and 8. It is not plausible on the basis of the Complaint that the vehicle, which is the subject of the Complaint, is covered by C.G.S. §§ 21-85 & 21-86. <u>Farrior v. Zoning Bd. of Appeals</u>, 70 Conn. App. 86, 95 (2002). Therefore, Count 5 is dismissed. Count 8 is dismissed because the economic loss doctrine bars it. <u>Flagg Energy. Dev. Co. v. Gen Motors Corp.</u>, 244 Conn. 126, 153 (1998).

However, the court declines to dismiss Count 6 in which the plaintiff alleges a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"). While the court agrees with the defendant that a mere breach of contract is insufficient to support a CUTPA claim, the court can not say that Count 6 alleges merely a breach of contract action. A "mere" breach would be a sale of a defective product. Plaintiffs allege more, <u>e.g.</u>, defendant's inability to seasonally cure the defects. Complaint at ¶ 91b. The court can not say, on the face of the Complaint, that it is not plausible that plaintiff can prove oppressive conduct beyond a mere breach.

Defendant's Motion to Dismiss (Doc. No. 19) is granted in part as to Counts 5 &

8 and denied in part as to Count 6.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 29th day of September, 2008.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge